079023.0644(207) RMC:las #397

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **MICHAEL KOPPLIN and NORINE DuPEE on behalf of herself and all other persons similarly situated,** | ) |
| | ) |
| **Defendants.** | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Now comes the Plaintiff, Cambridge Mutual Fire Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, Michael Kopplin and Norine DuPee on behalf of herself and all other persons similarly situated, alleges the following:

**JURISDICTION**

1. The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage.

## VENUE

2. Venue is premised upon 28 U.S.C. § 1391 as the Defendants are residents of this District.

## THE PARTIES

3. Cambridge Mutual Fire Insurance Company (hereinafter "Cambridge") is a Massachusetts insurance corporation, which maintains its principal place of business in Andover, Massachusetts, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

4. Michael Kopplin (hereinafter "Kopplin") is a citizen and resident of the State of Illinois.

5. Norine DuPee (hereinafter "the underlying Plaintiff") is the plaintiff in a certain action brought against Kopplin in another Court, which action will be more fully described later herein, and who is a nominal but interested party to this declaratory judgment action. Cambridge seeks no relief from the underlying Plaintiff, who has been joined herein as a party defendant solely in order to be bound by the judgment rendered in this cause. The underlying Plaintiff is a citizen and resident of the State of Illinois.

## THE CAMBRIDGE POLICY

6. Cambridge issued its policy of insurance numbered SBP 2460975 to Kopplin as named insured. The policy provided for Businessowners Liability Insurance, on a primary basis, for the effective period of November 1, 2017 to November 1, 2018. A certified, true

and correct copy of the Cambridge policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

## THE UNDERLYING LITIGATION

7. The underlying Plaintiff has filed an action against Kopplin in the Circuit Court of Cook County, Illinois, under Cause No. 18 CH 1982. A true and correct copy of the Class Action Complaint in that action is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

8. The underlying Plaintiff seeks relief under the Chicago Residential Landlord and Tenant Ordinance and the Illinois Consumer Fraud Act, all of which more fully appears in Pleading Exhibit B attached hereto.

## TENDER OF DEFENSE

9. Cambridge has refused to provide Kopplin with a defense under the policy issued to him for the underlying Plaintiff's claims for the reasons herein stated.

## COUNT I
## (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND)

10. Cambridge adopts and repeats the allegations of ¶¶ 1 through 9 as and for ¶ 10 hereof as though the same was fully set forth herein.

11. While the Cambridge policy, Pleading Exhibit A, extends coverage to an insured for "bodily injury" or "property damage" as defined therein, as caused by an "occurrence," the claims in the underlying action by the underlying Plaintiff do not involve those terms as defined.

12. While the Cambridge policy, Pleading Exhibit A, extends coverage to an insured for "advertising injury" or "personal injury" as defined therein, the claims in the underlying action by the underlying Plaintiff do not involve either or both as those terms are defined.

13. Cambridge contends that Kopplin is not entitled to any coverage under the Cambridge policy because of one or more or all of the following reasons:

(a) That the claims of the underlying Plaintiff do not involve an "occurrence" as defined by the policy of insurance.

(b) That the claims of the underlying Plaintiff do not involve "property damage" caused by an "occurrence" as defined by the policy of insurance.

(c) That the claims of the underlying Plaintiff do not involve "bodily injury" as defined by the policy of insurance.

(d) That the claims of the underlying Plaintiff do not involve "personal injury" as defined by the policy of insurance.

(e) That the claims of the underlying Plaintiff do not involve "advertising injury" as defined by the policy of insurance.

(f) That the policy does not provide coverage for claims of alleged violations of the Chicago Residential Landlord & Tenant Ordinance.

(g) That the policy does not provide coverage for claims of alleged violations of the Illinois Consumer Fraud Act.

(h) That there is no coverage under the policy for a claim for injunctive relief.

14. The above contentions of Cambridge are, on information and belief, denied by

Kopplin who, in turn, contends that he is entitled to coverage under the Cambridge policy of insurance. Cambridge, in turn, denies the contrary contentions of Kopplin and each of them.

15. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of 28 U.S.C. § 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

**PRAYERS FOR RELIEF**

**WHEREFORE,** the Plaintiff, Cambridge Mutual Fire Insurance Company, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

**AS TO COUNT I:**

A. That Cambridge Mutual Fire Insurance Company has no duty or obligation to provide a defense to Michael Kopplin for the action filed in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, under Cause No. 18 CH 1982, under its policy of insurance.

B. That the Court grant Cambridge Mutual Fire Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. That Cambridge Mutual Fire Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

Respectfully submitted:

PRETZEL & STOUFFER, CHARTERED

BY: */s/Robert Marc Chemers*
Robert Marc Chemers
Bar Number: 0431508
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, Illinois 60606
Telephone: (312) 578-7548
Fax: (312) 346-8242
E-Mail: rchemers@pretzelstouffer.com
*Attorney for Plaintiff*